# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:11-CV-653-DCK

| | |
|---|---|
| CHRISTINA J. BARNETTE, | ) |
| Plaintiff, | ) |
| v. | )     **ORDER** |
| CITY OF CHARLOTTE, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion To Compel Discovery..." (Document No. 17); "Plaintiff's Amended Motion to Compel Discovery, and for Sanctions..." (Document No. 18); and "Plaintiff's Motion to Compel Responses to Plaintiff's Second Set of Discovery and for Sanctions, Extension of Discovery..." (Document No. 25). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate review of these motions is appropriate. Having carefully considered the motions, the record, and applicable authority, the undersigned will <u>deny</u> the motions.

## BACKGROUND

Christina J. Barnette ("Plaintiff") filed her original "Complaint" (Document No. 1, pp.5-8) in this action in the Superior Court of Mecklenburg County, North Carolina, on or about December 1, 2011. On December 23, 2011, the City Of Charlotte ("Defendant") filed its "Notice Of Removal" (Document No. 1) to this Court. Following the parties' stipulation of consent to magistrate judge jurisdiction (Document No. 4), the undersigned issued a "Pretrial Order And Case Management Plan" (Document No. 5) on January 9, 2012. On April 2, 2012, Plaintiff's "Amended Complaint" (Document No. 13) was filed. It appears that Plaintiff's "Amended Complaint" asserts claims for retaliation, sexual harassment, gender discrimination, and/or unlawful employment termination.

On May1, 2012, Plaintiff filed her first "...Motion To Compel..." (Document No. 15). Defendant's "Motion To Compel..." (Document No. 17) was filed on May 15, 2012. On May 18, 2012, "Plaintiff's Amended Motion to Compel..." (Document No. 18) was filed. Then on May 31, 2012, the Court denied Plaintiff's first "...Motion To Compel..." (Document No. 15) as moot, based on her subsequent filing. On June 26, Plaintiff's third "...Motion to Compel..." (Document No. 25) was filed with this Court.

Immediate review of all of these motions to compel, as well as the Amended Complaint, is now appropriate.

## STANDARDS OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial

discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

Rule 8 of the Federal Rules of Civil Procedure provides in pertinent part that a pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

Fed.R.Civ.P. 8(a).

## DISCUSSION

As an initial matter, in reviewing the status of this case and the pending motions, the undersigned carefully reviewed Plaintiff's "Amended Complaint" (Document No. 13). Based on that review, the undersigned finds that the Amended Complaint fails to adequately satisfy the requirements of Fed.R.Civ.P. 8, as set forth above. In particular, the Amended Complaint lacks any statement of the grounds of this Court's jurisdiction. Id. Moreover, it is difficult to determine the precise claims for which Plaintiff is seeking relief.

The undersigned will, therefore, *sua sponte* order that Plaintiff file a Second Amended Complaint. In addition to satisfying the requirements of Rule 8, Plaintiff's Second Amended Complaint must clearly and distinctly set forth those claims for which she seeks relief.

Next, the undersigned will briefly address the pending motions to compel. In short, the undersigned is not convinced that the parties have made sufficient efforts to consult with each other and to resolve their discovery disputes without court intervention.

The undersigned notes that Plaintiff has stated that "[a]t no time has an actual conversation

taken place between counsel about these issues." (Document No. 18, p.13). In response, Defendant states: "That is true. But, it is also true that *neither* attorney has 'picked up the phone' to discuss these issues with the other, so Plaintiff cannot be heard to complain on this point." (Document No. 23, p.2).

In addition to the parties' insufficient consultation, the undersigned further notes that in the course of briefing the pending motions to compel, there has been at least some ongoing supplementation of discovery responses. For instance, Plaintiff's most recent motion to compel at least suggests that some of the information she sought in her second motion to compel has been provided. It appears, for example, that information sought in Plaintiff's Interrogatory No. 4 of her First Set Of Interrogatories was provided in or before Defendant's response to Interrogatory No. 8 of Plaintiff's Second Set Of Interrogatories. Compare (Document No.18, p.2 with Document No. 25-1, p.2). As such, the undersigned expects that with multiple, and perhaps overlapping, motions to compel, some of the information before the Court may be incomplete or inaccurate.

Finally, the undersigned observes that Plaintiff's most recent motion to compel also requests an extension of the discovery deadline. Generally, motions should be set forth as separately filed pleadings. See Local Rule 7.1(C)(2).

Based on the foregoing, the undersigned will deny all the pending motions to compel without prejudice to re-file. Before filing any additional motions to compel, the parties must meet and confer *in person* in an attempt to resolve any areas of disagreement, and shall discuss in detail the discovery sought, as well as the relevant legal authority supporting their positions for or against providing such discovery. Any future motion to compel shall set forth the date and place the parties conferred, and must clearly and succinctly state *exactly* the discovery the party contends it is entitled to, but has not received.

**CONCLUSION**

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion To Compel Discovery..." (Document No. 17) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that "Plaintiff's Amended Motion to Compel Discovery, and for Sanctions..." (Document No. 18) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that "Plaintiff's Motion to Compel Responses to Plaintiff's Second Set of Discovery and for Sanctions, Extension of Discovery..." (Document No. 25) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff shall file a Second Amended Complaint, consistent with the requirements of Fed.R.Civ.P. 8, on or before **July 10, 2012**.

**IT IS FURTHER ORDERED** that the parties shall file, jointly if possible, any proposed revisions to the Case Management Plan on or before **July 27, 2012**.

**SO ORDERED**.

Signed: June 27, 2012

David C. Keesler
United States Magistrate Judge