# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:11-CV-653-DCK

| | |
|---|---|
| CHRISTINA J. BARNETTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CITY OF CHARLOTTE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**THIS MATTER IS BEFORE THE COURT** *sua sponte* regarding "Plaintiff's Reply To Defendant's Response To Plaintiff's Motion For Protective Order" (Document No. 38) and "Plaintiff's Amended Reply To Defendant's Response To Plaintiff's Motion For Protective Order" (Document No. 40) filed August 7, 2012. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate review of these filings is appropriate.

It appears that Plaintiff requests that the Court accept "Plaintiff's Response To Defendant's Motion To Compel Discovery And Motion For Sanctions" (Document No. 39) as her reply in support of her "...Motion For Protective Order" (Document No. 28). The Court will deny such request, and directs the parties to properly brief their motions in accordance with the requirements of the Federal Rules of Civil Procedure and Local Rule 7.1.

The undersigned notes that the Court's previous "Order" (Document No. 26) found that the parties had not "made sufficient efforts to consult with each other and to resolve their discovery disputes without court intervention" and, that the parties had filed "multiple, and perhaps overlapping, motions to compel." (Document No. 26, pp.3-4). The Court then ordered

> Before filing any additional motions to compel, the parties must meet
> and confer in person in an attempt to resolve any areas of
> disagreement, and shall discuss in detail the discovery sought, as well

as the relevant legal authority supporting their positions for or against providing such discovery. Any future motion to compel shall set forth the date and place the parties conferred, and must clearly and succinctly state exactly the discovery the party contends it is entitled to, but has not received.

(Document No. 26, p.4). Within just a few weeks of that Order, the parties filed one motion for protective order, and three motions to compel. (Document Nos. 28, 29, 32, 36).

In short, Plaintiff's instant request seeks to consolidate the briefing requirements of Local Rule 7.1. Under the circumstances, the Court finds that such a consolidation would unnecessarily complicate this lawsuit.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Reply To Defendant's Response To Plaintiff's Motion For Protective Order" (Document No. 38) and "Plaintiff's Amended Reply To Defendant's Response To Plaintiff's Motion For Protective Order" (Document No. 40) shall be **STRICKEN**. Plaintiff shall file a proper reply brief, or notice of intent not to reply, in support of her "...Motion For Protective Order" (Document No. 28), on or before **August 9, 2012**. See Local Rule 7.1 (E).

Signed: August 7, 2012

David C. Keesler
United States Magistrate Judge