# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:11-CV-653-DCK

| | |
|---|---|
| CHRISTINA J. BARNETTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CITY OF CHARLOTTE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Protective Order" (Document No. 28); "Plaintiff's Second Amended Motion to Compel Responses to Plaintiff's First and Second Set of Discovery and for Sanctions" (Document No. 29); Defendant's "Motion To Compel Discovery" (Document No. 32); and "Plaintiff's Motion to Compel Responses to Plaintiff's Third Set of Discovery and for Sanctions" (Document No. 36). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate review of these motions is appropriate. Having carefully considered the motions, the record, and applicable authority, the undersigned will grant the motions in part, and deny the motions in part.

## I. BACKGROUND

Christina J. Barnette ("Plaintiff") filed her original "Complaint" (Document No. 1, pp.5-8) in this action in the Superior Court of Mecklenburg County, North Carolina, on or about December 1, 2011. On December 23, 2011, the City Of Charlotte ("Defendant") filed its "Notice Of Removal" (Document No. 1) to this Court. Following the parties' stipulation of consent to magistrate judge jurisdiction (Document No. 4), the undersigned issued a "Pretrial Order And Case Management Plan" (Document No. 5) on January 9, 2012. On April 2, 2012, Plaintiff's "Amended Complaint" (Document No. 13) was filed.

On May 1, 2012, Plaintiff filed her first "...Motion To Compel..." (Document No. 15). Defendant's "Motion To Compel..." (Document No. 17) was filed on May 15, 2012. On May 18, 2012, "Plaintiff's Amended Motion to Compel..." (Document No. 18) was filed. Then on May 31, 2012, the Court denied Plaintiff's first "...Motion To Compel..." (Document No. 15) as moot, based on her subsequent filing. On June 26, Plaintiff's third "...Motion to Compel..." (Document No. 25) was filed with this Court. On June 28, 2012, the then pending motions to compel were denied without prejudice, and Plaintiff was ordered to file a Second Amended Complaint, consistent with the requirements of Fed.R.Civ.P. 8. (Document No. 26).

On July 9, 2012, Plaintiff's "Second Amended Complaint" (Document No. 27) was filed. Plaintiff's "Second Amended Complaint" asserts claims for retaliation, gender discrimination, and/or failure to hire based on gender. (Document No. 27).

Soon thereafter, the parties again filed multiple and overlapping discovery motions: "Plaintiff's Motion For Protective Order" (Document No. 28) and "Plaintiff's Second Amended Motion to Compel Responses to Plaintiff's First and Second Set of Discovery and for Sanctions" (Document No. 29) were filed July 12, 2012; Defendant's "Motion To Compel Discovery" (Document No. 32) was filed July 30, 2012; and "Plaintiff's Motion to Compel Responses to Plaintiff's Third Set of Discovery and for Sanctions" (Document No. 36) was filed July 31, 2012.

Review of all of the pending motions, as well as the Second Amended Complaint, is now appropriate.

## II. STANDARDS OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any

2

> documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

Rule 8 of the Federal Rules of Civil Procedure provides in pertinent part that a pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

Fed.R.Civ.P. 8(a).

### III. DISCUSSION

**A. Jurisdiction**

As an initial matter, in reviewing the status of this case and the pending motions, the undersigned carefully reviewed Plaintiff's "Second Amended Complaint" (Document No. 27). Based on that review, the undersigned finds that the Second Amended Complaint fails to adequately satisfy the requirements of Fed.R.Civ.P. 8, just as the Court previously noted regarding the Amended Complaint. (Document No. 26, p.3). In particular, the Second Amended Complaint, like the Amended Complaint, lacks any statement of the grounds of this Court's jurisdiction. Id. Presumably, Plaintiff adopts Defendant's assertion of jurisdiction as set forth in its "Notice Of Removal" (Document No. 1); however, it is unclear why Plaintiff has continued to fail to abide by Fed.R.Civ.P. 8, and this Court's direct instructions, to include "a short and plain statement of the grounds for the court's jurisdiction." Moreover, it appears that Plaintiff has failed to attach any of the Right to Sue Letter(s) upon which her lawsuit and this Court's jurisdiction are predicated, to any of her Complaints.

The undersigned will, therefore, *sua sponte* order that Plaintiff file a Third Amended Complaint. In addition to satisfying the requirements of Rule 8, Plaintiff's Third Amended Complaint should attach all applicable Right to Sue Letters issued by the EEOC. Plaintiff's failure to file a Third Amended Complaint that is consistent with the requirements of Fed.R.Civ.P. 8 will likely lead to the dismissal of her lawsuit.

In the interest of judicial economy and efficient case management, the Court will attempt to succinctly address the pending discovery motions, despite the deficiencies of the Second Amended Complaint, in an effort to keep this case moving forward.

**B. Plaintiff's Motion For Protective Order**

"Plaintiff's Motion For Protective Order" seeks protection from Defendant's Request for Production # 6 which requests copies of her tax returns for the years 2002-2011. (Document No.

28, p.1). Plaintiff contends she has provided W-2s and 1099's for 2009-2011. (Document No. 28, p.4). She asserts that the additional information sought by Defendant is not relevant. Id.

Plaintiff's motion also includes a discussion regarding the relevance of Interrogatory # 3, but it is unclear that she seeks any protection regarding that request. (Document No. 28, p.2). To the contrary, it appears that she has provided Defendant with the requested information. Id.

Defendant requests that the Court accept and treat its "Motion To Compel Discovery" (Document No. 32) as its response to "Plaintiff's Motion For Protective Order." (Document No. 35). The undersigned observes that the Local Rules require that

> **Motions Not to Be Included in Responsive Briefs**. Motions shall not be included in responsive briefs. Each motion shall be set forth as a separately filed pleading.

Local Rule 7.1(C)(2). As such, the undersigned finds Defendant's request to be inconsistent with the Local Rules and procedurally inefficient.

Following review of the pending motion, the response, and the reply, the Court in its discretion finds that Plaintiff's motion should be granted in part and denied in part. Since Plaintiff primarily seeks relief in the form of an award for "lost wages, benefits and other economic losses in an amount to be determined at trial" the undersigned finds that some production of her tax returns may be relevant to the issue of her alleged economic losses. (Document No. 27). As noted above, even though such information may be relevant, that does not necessarily mean it will be admissible at trial. See Fed.R.Civ.P. 26(b)(1).

The undersigned will therefore order that Plaintiff provide to Defendant her tax returns for the years 2007 through 2011, on or before **September 21, 2012**. The parties shall file a motion for Consent Protective Order, on or before **September 17, 2012**, to the extent they find such an order would be appropriate or necessary to protect allegedly confidential information required to be

5

exchanged by this Order.

**C. Plaintiff's Second Amended Motion To Compel Responses To First And Second Sets Of Discovery**

Next, Plaintiff seeks to compel Defendant to respond fully and completely to Interrogatories #s 3-6, and 9, and Requests For Production #s 1, 2, 4, and 14. (Document No. 29, p.1). The undersigned will address each of these requests in turn.

    **1. Interrogatories**

        **a. Interrogatory # 3**

This interrogatory requests that Defendant describe in detail all steps it took to preserve, restore, or attempt to preserve or restore electronically stored communications and records relevant to this case since the filing of Plaintiff's first EEOC Charge. (Document No. 29-1, p.3). Defendant essentially responded that it notified all relevant employees to preserve related documents, that it commenced preservation efforts, and that relevant employee records are preserved. Id.

Plaintiff's instant motion is somewhat vague in identifying what additional information should be compelled. (Document No. 28, p.8). Plaintiff suggests that Defendant's response is not complete and/or is inconsistent with certain deposition testimony. (Document No. 28, pp.8-9). Defendant declined to address this interrogatory in its response. (Document No. 33). In her reply, Plaintiff for the first time suggests that a full response would specifically include "who, how and when electronic documents were directed to be preserved." (Document No. 37, p.2).

It appears to the undersigned that Defendant's response to the interrogatory as originally posited was not unreasonable. As such, the undersigned will decline to compel further action by Defendant on this item. Of course, if Defendant has additional information regarding the "steps in the process" it took to preserve or restore relevant information, it should appropriately supplement

6

its response.

### b. Interrogatory # 4

This interrogatory requests that Defendant identify each person hired by the City of Charlotte ("City") as a Sanitation Equipment Operator ("SEO") between September 15, 2009 and December 31, 2010, and indicate their gender, date of hire, whether they were "a temp prior to hire" and if so, "by what agency," and the date each started as a temp. (Document No. 29, p.2). Plaintiff contends that Defendant has failed to provide the genders and temp agencies of the persons they identified. (Document No. 29, p.3). Defendant's response to the instant motion fails to address this interrogatory. (Document No. 33).

Based on the foregoing, the Court instructs Defendant to supplement its response to Interrogatory #4, providing the missing information requested by Plaintiff, on or before **September 21, 2012**.

### c. Interrogatory # 5

This interrogatory seeks the name, department, and job title of every City employee who made hiring decisions for SEOs between September 1, 2009 and August 30, 2010. (Document No. 29-1, p.4). Defendant's response provides this information for three individuals, and states that "panels of citizens were utilized and consulted with respect to the hiring decisions referred to." Id. Defendant has since supplemented its response to add that the panels included field operation supervisors and team leaders, whose makeup varied in each instance. (Document No. 29-3, p.5). Defendant contends that more specific information is not known, but that it will supplement as appropriate. Id.

Plaintiff suggests that the discovery response is deficient because it does not identify "possible panel members." (Document No. 29, p.9). Defendant's response to the motion fails to

7

address this interrogatory. (Document No. 33).

It is not clear that Defendant has unreasonably failed to identify persons employed by the City who made these hiring decisions. However, if Defendant is able to identify additional City employees involved in these hiring decisions, it shall do so on or before **September 21, 2012**.

### d. Interrogatory # 6

This interrogatory requests information regarding details related to "the City's Position statement to the EEOC dated 17 December 2010." (Document No. 29, p.9). The undersigned finds Defendant's response to this request appears reasonable, and moreover, Plaintiff's reply suggests that it has abandoned its motion as to this request. (Document No. 29-1, pp.4-5; Document No. 29-3, p.5; Document No. 37)

As such, the Court will not compel a further response to this interrogatory.

### e. Interrogatory # 9

By this interrogatory, Plaintiff requests that Defendant identify the years of driving experience for each person listed in Interrogatory # 8. (Document No. 29-5, p.3). In its response to this interrogatory, Defendant objected and stated that such information would be in the individual's application and is confidential pursuant to N.C.Gen.Stat. 160A-168(c). Id.

N.C.Gen.Stat. 160A-168 provides in pertinent part:

> (a) Notwithstanding the provisions of G.S. 132-6 or any other general law or local act concerning access to public records, **personnel files of employees, former employees, or applicants for employment maintained by a city are subject to inspection and may be disclosed only as provided by this section**. For purposes of this section, an employee's personnel file consists of any information in any form gathered by the city with respect to that employee and, by way of illustration but not limitation, relating to his application, selection or nonselection, performance, promotions, demotions, transfers, suspension and other disciplinary actions, evaluation forms, leave, salary, and termination of employment. As used in this

8

section, "employee" includes former employees of the city.

(b) **The following information with respect to each city employee is a matter of public record**:

    (1) Name.

    (2) Age.

    (3) Date of original employment or appointment to the service.

    (4) The terms of any contract by which the employee is employed whether written or oral, past and current, to the extent that the city has the written contract or a record of the oral contract in its possession.

    (5) Current position.

    (6) Title.

    (7) Current salary.

    (8) Date and amount of each increase or decrease in salary with that municipality.

    (9) Date and type of each promotion, demotion, transfer, suspension, separation, or other change in position classification with that municipality.

    (10) Date and general description of the reasons for each promotion with that municipality.

    (11) Date and type of each dismissal, suspension, or demotion for disciplinary reasons taken by the municipality. If the disciplinary action was a dismissal, a copy of the written notice of the final decision of the municipality setting forth the specific acts or omissions that are the basis of the dismissal.

    (12) The office to which the employee is currently assigned.

. . .

(c) All information contained in a city employee's personnel file, other than the information made public by subsection (b) of this section, is confidential and shall be open to inspection only in the

following instances:

> (1) The employee or his duly authorized agent may examine all portions of his personnel file except (i) letters of reference solicited prior to employment, and (ii) information concerning a medical disability, mental or physical, that a prudent physician would not divulge to his patient.
>
> ...
>
> (3) A city employee having supervisory authority over the employee may examine all material in the employee's personnel file.
>
> (4) **By order of a court of competent jurisdiction, any person may examine such portion of an employee's personnel file as may be ordered by the court**.
>
> (e) A public official or employee who knowingly, willfully, and with malice permits any person to have access to information contained in a personnel file, except as is permitted by this section, is guilty of a Class 3 misdemeanor . . . .
>
> (f) Any person, not specifically authorized by this section to have access to a personnel file designated as confidential, who shall knowingly and willfully examine in its official filing place, remove or copy any portion of a confidential personnel file shall be guilty of a Class 3 misdemeanor . . . .

N.C.Gen.Stat. § 160A-168 (emphasis added).

Plaintiff argues that the information requested here is relevant to an analysis of how her qualifications for employment compared to other applicants hired by Defendant. (Document No. 29, p.4). Defendant's response to the motion again fails to make any specific argument as to why this information should not be produced.

Under the circumstances, the undersigned finds that Defendant must supplement its response to this interrogatory and identify the driving experience of the named individuals as requested by Plaintiff, on or before **September 21, 2012**.

### 2. Requests For Production

### a. Request For Production # 1

Plaintiff's motion also seeks more complete responses to certain requests for production. (Document No. 29). First, Plaintiff seeks "[t]he originals of all documents identified in response to any Interrogatory." (Document No. 29, p.7). Defendant has indicated that it "will make available for inspection and copying . . . documents responsive to this Request . . . excluding documents protected from disclosure by NCGS § 160A-168." (Document No. 29-4, p.2).

Based on the foregoing, Defendant shall supplement its production as appropriate, and as otherwise consistent with this Order. That is, Defendant shall make relevant documents referenced in its responses available for copying. It is not the Court's intent that Defendant make entire personnel files available to Plaintiff. To the extent there are *specific* documents Plaintiff contends should be provided, that are not, she may renew her motion. However, the Court encourages the parties to resolve any such dispute without Court intervention.

### b. Request For Production # 2

Plaintiff's next request is similar to the first, seeking "[t]he originals of all documents used in the preparation of responses to any Interrogatory." (Document No. 29-4, p.2). As such, the undersigned finds the same result as for the previous request is appropriate and applicable here.

### c. Request For Production # 4

This request seeks "[t]he original of each and every document related to the hiring decisions for each hire of Sanitation Equipment Operators during the period Sept 1, 2009 to August 30, 2010, including but not limited to correspondence and emails between managers and supervisors, notes on performance of temps, interview notes, and other documents." (Document No. 29-4, p.3).

In short, the undersigned agrees with Defendant that this request is overly broad. Id. However, the undersigned will grant the motion to compel to the extent Plaintiff seeks documents

specifically related to correspondence regarding hiring decisions of SEOs hired between September 1, 2009 and August 30, 2010. The undersigned is not persuaded that the additional production requested is relevant. As such, Defendant shall make copies of the relevant correspondence available to Plaintiff on or before **September 21, 2012**.

### d. Request For Production # 14

Finally, Plaintiff's motion seeks "[t]he original of each and every application, background check, dates of temporary assignments and performance notes for each person listed as hired as an SEO in Interrogatory # 4 above." (Document No. 29, p.6). Similar to the previous request, Defendant responded that this request for production is overly broad, not tailored to meet applicable statutory restrictions, and that Defendant does not maintain records in the manner suggested by Plaintiff. (Document No. 29-4, p.6).

As with the previous request, the undersigned agrees that this request for document production is overly broad. Moreover, the undersigned cannot determine an appropriate narrowing of this request, and therefore Plaintiff's motion will also be denied as to this request.

### D. Defendant's Motion To Compel

Defendant's motion to compel seeks Plaintiff's tax returns from 2002 to the present. (Document No. 32). This motion addresses the same information at issue in "Plaintiff's Motion For Protective Order" (Document No. 28) discussed above.

Accordingly, based on the previous analysis, as well as the arguments in Defendant's motion to compel, the undersigned will grant the instant motion in part, and deny it in part. The undersigned will therefore order that Plaintiff provide her tax returns for the years 2007 through 2011 to Defendant, on or before **September 21, 2012**.

### E. Plaintiff's Motion To Compel Responses To Third Set Of Discovery

"Plaintiff's Motion to Compel Responses to Plaintiff's Third Set of Discovery..." seeks to compel Defendant to respond fully and completely to "Interrogatories # 15 & #16, and Requests for Production # 20 - # 22." (Document No. 36).

**1. Interrogatories**

    **a. Interrogatory # 15**

This interrogatory requests that Defendant identify "each minimum qualification(s) she allegedly did not meet and for each state all facts on which the Defendant bases its belief that she failed to meet that qualification." (Document No. 36-2, p.4). Apparently, Defendant declined to fully respond to this request because it contends that Interrogatory # 13 (which it did not fully respond to) exceeded the number of interrogatories allowed pursuant to the Pretrial Order, because Interrogatory # 13 allegedly includes 32 subparts. Id.

Under these circumstances, the undersigned does not find Defendant's objection persuasive. Therefore, Defendant shall provide as full and complete a response *as possible*, on or before **September 21, 2012**.

    **b. Interrogatory # 16**

Next, Plaintiff seeks to compel Defendant to "specify all facts and identify all documents" which led to Defendant's denial, in whole or part, of Plaintiff's Requests for Admission. Id. In response to the motion, Defendant contends that its Response to Plaintiff's Request for Admissions explains its responses and positions. (Document No. 44, p.2; Document No. 44-1). Defendant argues that "Plaintiff is essentially asking the same questions several different ways." (Document No. 44, pp.2-3).

The undersigned finds that "Defendant's Response To Plaintiff's First Set Of Requests For Admissions" (Document No. 44-1) speaks for itself, and that Plaintiff's request as stated is overly

broad, and most likely duplicative of other discovery. Therefore, the Court will not compel Defendant to specify "all facts and identify all documents" related to its approximately 25 denials.

### 2. Requests For Production

#### a. Request For Production # 20

This request seeks "[t]he originals of all documents identified in response to any Interrogatory not previously produced." (Document No. 36-1, p.2). Defendant has responded that "[t]he originals of such documents, if applicable, can be viewed by appointment at a mutually convenient date and time." Id. Furthermore, Defendant has indicated to Plaintiff that there are no new documents to produce. (Document No. 36, p.4).

It appears that Plaintiff's motion is premature at best. The undersigned is not persuaded that there are any documents responsive to this request that should be compelled at this time, and the motion will be denied as to this request.

#### b. Request For Production # 21

This request is very similar to the previous request, and the analysis and result are the same. As such, the motion is denied.

#### c. Request For Production # 22

Finally, Request For Production # 22, is a rambling request that the parties seem to agree is awkwardly worded. Nevertheless, Defendant contends it has located over 2500 pages of documents which are potentially responsive. (Document No. 44, p.3). Defendant further contends that Plaintiff agreed to allow Defendant additional time to review the documents before production. Id. (citing Document No. 36, pp.4-5).

Based on the foregoing, the undersigned will deny this request without prejudice.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff shall file a Third Amended Complaint on or before **September 11, 2012,** as described herein.

**IT IS FURTHER ORDERED** that the parties shall file a proposed Consent Protective Order, if appropriate and /or necessary to protect any allegedly confidential information required to be exchanged by this Order, on or before **September 17, 2012**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion For Protective Order" (Document No. 28) is **GRANTED in part**, and **DENIED in part**, as more fully described herein.

**IT IS FURTHER ORDERED** that "Plaintiff's Second Amended Motion to Compel Responses to Plaintiff's First and Second Set of Discovery and for Sanctions" (Document No. 29) is **GRANTED in part**, and **DENIED in part**, as more fully described herein.

**IT IS FURTHER ORDERED** that Defendant's "Motion To Compel Discovery" (Document No. 32) is **GRANTED in part**, and **DENIED in part**, as more fully described herein.

**IT IS FURTHER ORDERED** that "Plaintiff's Motion to Compel Responses to Plaintiff's Third Set of Discovery and for Sanctions" (Document No. 36) is **GRANTED in part**, and **DENIED in part**, as more fully described herein.

**IT IS FURTHER ORDERED** that the parties' request for costs and fees are **DENIED**.

**SO ORDERED**.

Signed: August 31, 2012

David C. Keesler
United States Magistrate Judge